UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| **MYRTLE FEE, Individually and as Agent for the "Jasper James Heirs" and "Jasper James Cemetery," et al.,** | **CIVIL ACTION NO. 7:13-CV-96-KKC** |
| **Plaintiffs,** | |
| V. | **MEMORANDUM, OPINION, & ORDER** |
| **CHESAPEAKE APPALACHIA, L.L.C., et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiffs' motion to remand (DE 7) and Defendant Chesapeake's motion to dismiss (DE 5). For the reasons explained below, the Court will grant Plaintiffs' motion to remand (DE 7), will deny as moot Defendant's motion to dismiss (DE 5), and will remand this case to Martin Circuit Court.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs are the purported owners of the Jasper James Cemetery (the "cemetery"), located in Martin County, Kentucky. Defendant Chesapeake Appalachia, L.L.C., is an Oklahoma company that, according to Chesapeake, relocated its B-6 pipeline in 2005. (DE 10, p. 2). Defendants Lisa Stayton and Leonard Stayton are the purported owners of real property that runs adjacent to the cemetery. (DE 10, p. 2). Plaintiffs' complaint is devoid of detail about any agreements, specific facts, or relevant timeframes. Generally, Plaintiffs assert that Chesapeake, by installing a large pipeline across the cemetery, has "clouded the title to the

property,"[1] engaged in a course or conduct to defraud Plaintiffs, and trespassed on the cemetery. (DE 1-1). Plaintiffs likewise assert a fraud and slander of title action against the Stayton Defendants for wrongfully granting an easement on cemetery property to Chesapeake or Cheseapeake's predecessor in interest.

Plaintiffs originally brought their complaint in Martin County, Kentucky Circuit Court on August 19, 2013. On September 11, 2013, Defendant Chesapeake removed the case to this Court on diversity of citizenship grounds pursuant to 28 U.S.C. § 1441. Plaintiffs concede the cause of action exceeds the minimum dollar requirement under 28 U.S.C. § 1332. Thus, the only remaining issue is whether diversity of citizenship exists.

In their motion to remand, Plaintiffs contend that the Stayton Defendants are non-diverse from all Plaintiffs. In its response, Chesapeake concedes that the Stayton Defendants are non-diverse, but maintains that the Stayton Defendants were fraudulently joined. While the Court is sympathetic to Chesapeake's plight, as explained below, the Court must remand this matter to state court, as the Stayton Defendants were not fraudulently joined.

**II. ANALYSIS**

**A. Fraudulent Joinder**

The federal removal statute, 28 U.S.C. § 1441, gives defendants in civil suits the right to remove cases from state courts to federal district courts in cases where the federal court would have had original jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by

---

[1] The Court will assume, as did Chesapeake, that the plaintiffs intended to assert a slander of title action, as Kentucky law does not recognize any cause of action for "clouding the title."

demonstrating that the non-diverse party was fraudulently joined." *Id.* (internal quotations omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992)). It is well established that the burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948–949 (6th Cir.1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999). If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id.* The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (internal citation and quotations omitted). Some courts have reiterated that this test is a "proxy for establishing the plaintiff's fraudulent intent*." See In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 889 F. Supp.2d 931, 936–37 (E.D. Ky. 2012); *Smith v. SmithKline Beecham Corp.*, 11-56-ART, 2011 WL 2731262 at *5 (E.D. Ky. July 13, 2011). That is, "[i]f the plaintiff has no hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against him was to defeat diversity and prevent removal." *Smith*, 2011 WL 2731262 at *5. The non-removing party receives the benefit of the doubt, and all issues of fact or ambiguities of state law should be resolved in favor of the non-removing party. *See Alexander*, 13 F.3d at 949.

In the instant case, Chesapeake argues, "Plaintiffs have no valid cause of action against the Stayton Defendants . . . The same arguments presented by Chesapeake in its alternative Motion to Dismiss (DE 5) as grounds for dismissing Plaintiffs' fraud and slander of title claims

3

against Chesapeake, apply equally to the claims against the Stayton Defendants." (DE 10, p. 3). Chesapeake maintains that Plaintiffs' fraud claim is barred by a five year Kentucky statute of limitations, since – according to Chesapeake – the completion of the relocation of the B-6 Pipeline occurred in 2005. Chesapeake similarly argues that Plaintiffs' slander of title claim is also barred by a one year statute of limitations under Kentucky law. Finally Chesapeake maintains that Plaintiffs have failed to identify any easement or right of way agreement between the Stayton Defendants and Chesapeake that would damage the title to the cemetery. (DE 10). Chesapeake may be correct that Plaintiffs' claims are time-barred and are deficiently pleaded. However, for the reasons explained below, the Court cannot find that the Stayton Defendants were fraudulently joined.

### B. Fraudulent Joinder & the "Common Defense Rule"

This Court has previously recognized the existence of a "common defense rule," but has not had yet applied it. *See Collett v. Fried*, No. Civ.A.03-536, 2004 WL 3103776 at *3 (E.D. Ky. July 15, 2004). As this Court previously noted, "the 'common defense rule' requires that the Court remand this case . . . if the only basis asserted by a defendant for fraudulent joinder is a 'common defense' – one that is equally applicable to the diverse and non-diverse defendants." *Id.* The common defense rule has been accepted by other courts in this district. *See Darvocet*, 889 F. Supp. 2d at 938-39; *Smith*, 2011 WL 2731262 at *4. The rule has been described as a "leash" on fraudulent joinder, an "exception" to fraudulent joinder, and as merely a "clarification" of fraudulent joinder. *See Smith,* 2011 WL 2731262 at * 6 ("The common defense rule is, therefore, a leash that is necessary to prevent fraudulent joinder from expanding too far."); *Walton v. Bayer Corp.*, 643 F.3d 994, 1001 (7th Cir. 2001) (calling the rule the "common-defense exception"); *In re New England Mut. Lif. Ins. Co. Sales Practices Litig.*, 324

F. Supp. 2d 288, 301 (D. Mass. 2004) (declining to adopt the term "common defense rule" in favor of making a clarification about fraudulent joinder). As stated by the Fifth Circuit, which has adopted some form of the rule, "When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather to the in-state defendants alone, the requisite showing [to establish fraudulent joinder] has not been made." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (en banc). When both defendants assert the same defense, "that is a ground not for removal but for asking the court in which the suit was filed –the state court– to dismiss the suit." *Walton*, 643 F.3d at 1001.

The common defense rule derives from the Supreme Court's holding in *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914). In *Cockrell*, the administrator of a woman struck and killed by a train brought suit against the railway company, a diverse defendant, and the engineer and a fireman, who were both non-diverse defendants. *Id.* at 150. The administrator brought suit in Kentucky state court and asserted claims of negligence against all defendants. *Id.* The railway company sought to remove the case to federal court claiming that the non-diverse defendants were fraudulently joined in the action and reasoned that the charges against the firefighter and engineer were false. *Id.* at 151. The Court held that the fireman and engineer were not fraudulently joined. *Id.* at 153. The Court explained:

> Putting out of view, as must be done, the epithets and mere legal conclusions in the petition for removal, *it may have disclosed an absence of good faith on the part of the plaintiff in bringing the action at all, but it did not show a fraudulent joinder* of the engineer and fireman . . . . As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employees, was, in effect, predicated upon the alleged negligence of the latter, *the showing manifestly went to the merits of the action as an entirety*, and *not to the joinder*; that is to

5

> say, *it indicated that the plaintiff's case was ill founded as to all the defendants.* Plainly, *this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them.*

*Id.* (emphasis added). In other words, the railway company asserted an argument that showed the plaintiff's case was flawed as to all defendants, not merely the non-diverse defendants. Such circumstances do not show that non-diverse defendants "were wrongfully brought into a controversy that did not concern them," and thus, it does not show fraudulent joinder.

The Third, Fifth, Seventh, and Ninth Circuits, as well as many district courts have recognized or applied some version of the common defense rule.[2] *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3rd Cir. 1990) ("[W]e hold that where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses."); *Smallwood,* 385 F.3d at 574 ("Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper."); *Walton*, 643 F.3d at 1001 (Posner, J.) ("[A] plaintiff can defeat the fraudulent-joinder exception to the requirement of complete diversity of citizenship by proving that his claim against the nondiverse defendant is no weaker than his claim against the diverse defendants. Especially if the claims are identical, the diverse defendants really are just arguing that the suit has no merit, period."); *Hunter*, 582 F.3d at 1045 ("We [the

---

[2] Many courts do not identify the idea as the "common defense rule," but recognize the concept.

Ninth Circuit Court of Appeals] agree with the Fifth Circuit" that "on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that a state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder."); *Smith*, 2011 WL 2731262 at *5; *McDowell Pharmacy, In., v. West Virginia CVS Pharmacy, L.L.C.*, No. 1:11-CV-0606, 2012 WL 2192167 at *6 (S.D. W.V. June 14, 2012); *New England Mut. Life Ins. Co.*, 324 F. Supp. 2d at 300.

Whether dubbed the "common defense rule" or merely a "clarification" of fraudulent joinder, "if a plaintiff's claims against diverse and non-diverse defendants suffer from the same alleged flaw, that indicates not fraudulent intent in the non-diverse defendant's joinder, but rather a problem with the plaintiff's case overall." *Darvocet*, 889 F. Supp. 2d at 938. In this case, Chesapeake has admitted that, with regard to the fraud and slander of title claims, it is presenting the "same arguments" as a defense to all defendants. That is, Chesapeake offers the same defense to support its fraudulent joinder argument as to the Stayton Defendants as it does in its own motion to dismiss. (DE 10, p. 3). While Chesapeake may well be correct that Plaintiffs' entire complaint lacks merit, Chesapeake and the Stayton Defendants still have the opportunity to seek such relief in state court. As the Supreme Court indicated in *Cockrell*, the complaint may well show an "absence of good faith on the part of the plaintiff in bringing the action at all, but it did not show a fraudulent joinder." *Cockrell*, at 232 U.S. at 153. Here, according to Chesapeake, the statute of limitations defense would apply equally to both Chesapeake and the Stayton Defendants. The Court cannot say that when Chesapeake's only argument for fraudulent joinder applies equally to the diverse and non-diverse defendants, that the non-diverse Stayton

Defendants were fraudulently joined. Since the Stayton Defendants are non-diverse from the plaintiffs, the Court must remand for lack of subject matter jurisdiction.

### III. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** as follows:

1. Plaintiffs' motion to remand (DE 7) is **GRANTED**;

2. Chesapeake's motion to compel arbitration or alternatively to dismiss (DE 5) is **DENIED AS MOOT**; and

3. This matter is **REMANDED** to Martin Circuit Court for further proceedings.

Entered June 18, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY